**NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**
_____

No. 26-1847
_____

IN RE: KENNETH R. TALLEY; KRISTINA KAREN TALLEY;
KURT R. COSTELLO,
                                        Petitioners

_____

On a Petition for Writ of Mandamus to the
United States District Court for the District of Delaware
(Related to 1:25-cv-00662)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 28, 2026

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: June 8, 2026)
_____

OPINION[*]
_____

PER CURIAM

　　Kenneth R. Talley, Kristina K. Talley, and Kurt R. Costello ("Petitioners") have

filed a pro se petition for a writ of mandamus asking us to intervene in their civil action

filed in the District Court. We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioners filed suit in the United States District Court for the District of Delaware related to eviction proceedings brought against Kenneth Talley. Petitioners' complaint is difficult to follow, but they seemingly alleged a host of civil rights violations in connection with this eviction. Petitioners also moved to recuse District Judge Maryellen Noreika, alleging that her rulings were biased and legally incorrect. Judge Noreika denied Petitioners' motion, noting that Petitioners' allegations were "conclusory and unfounded."

Petitioners have now filed a mandamus petition in this Court asking us to compel the District Judge's recusal under § 455. As they did in the District Court, Petitioners suggest, without any factual support, that the District Judge engaged in *ex parte* communications (but does not identify with whom), tampered with court records, and developed personal relationships with other lawyers and judicial officers, which undermines her ability to be impartial.

We will deny the petition. Mandamus may be used to review a judge's refusal to recuse pursuant to 28 U.S.C. § 455(a). *See Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993). Recusal under § 455(a) is required where "a reasonable person, knowing all the acknowledged circumstances, might question the district court judge's continued impartiality." *Id.* at 164. To the extent that Petitioners seek recusal based on an appearance of partiality, we see no evidence of bias or any other reason why Judge Noreika should recuse herself from Petitioners' case. *See* 28 U.S.C. § 455; *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Petitioners' mere disagreement with the District Judge's rulings is not an adequate basis for recusal. *See Securacomm*

2

*Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). To the extent

Petitioners seek other relief, this mandamus proceeding may not be used as a substitute

for an appeal. *See Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996).

Accordingly, we will deny the mandamus petition.